UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:05-cr-67 |
| ) | Judge Collier |
| DANIEL JAMES SCHERTZ ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee, James T. Brooks, Assistant U.S. Attorney, and the Defendant, Daniel James Schertz, and his attorney, Leonard M. Caputo, have agreed upon the following:

1.     The Defendant will plead guilty to a six-count Indictment charging him with violation of Title 26, United States Code, Section 5861(f) - make a destructive device; Title 26, United States Code, Section 5861(d) - possess a destructive device; Title 26, United States Code, Section 5861(e) - transfer a destructive device; Title 18, United States Code, Section 842(p) - teach the making and use of a destructive device intending that such teaching will further a federal crime of violence; Title 18, United States Code, Section 844(o) - transfer explosive materials knowing they will be used to commit a federal crime of violence; and, Title 18, United States Code, Section 922(g)(8) - possession of a firearm while subject to a domestic violence protective order.

2.     The parties further agree that the appropriate disposition of this case would be the following:

a.   The Court may impose any lawful term of imprisonment up to the

statutory maximum;

    b.   The Court may impose any lawful fine up to the statutory maximum;

    c.   The Court may impose any lawful term of supervised release; and

    d.   The Court will impose any applicable mandatory assessment.

3.    The maximum penalties to which the Defendant will be exposed by virtue of his guilty plea are as follows:

    a.   Count One - 26 U.S.C. § 5861(f) - imprisonment for a term of not more than 10 years; $10,000 fine and a $100 special assessment;

    b.   Count Two - 26 U.S.C. § 5861(d) - imprisonment for a term of not more than 10 years; $10,000 fine and a $100 special assessment;

    c.   Count Three - 26 U.S.C. § 5861(e) - imprisonment for a term of not more than 10 years; $10,000 fine and a $100 special assessment;

    d.   Count Four - 18 U.S.C. § 842(p) - imprisonment for a term of not more than 20 years; $250,000 fine and a $100 special assessment;

    e.   Count Five - 18 U.S.C. § 844(o) - mandatory 10 year sentence consecutive to all other sentences; $10,000 fine and a $100 special assessment;

    f.   Count Six - 18 U.S.C. § 922(g) - imprisonment for a term of not more than 20 years; $250,000 fine and a $100 special assessment.

4.    As part of the plea agreement, the Defendant agrees to pay the special assessment fee of $100 in each case at the time of sentencing.

5.    Defendant acknowledges that his sentence will be determined within the discretion of the Court, as constrained by law.

6.    The United States will not oppose a two-level reduction for acceptance of

2

responsibility under the provisions of U.S.S.G. § 3E1.1(a) if the Defendant fulfills his obligations under this agreement and is determined to be eligible for this reduction by the U.S. Probation Office. Should the Defendant commit any act or omission, including committing any offense pending sentencing or making any statements which would be inconsistent with accepting responsibility, the United States will be relieved from its obligations under this paragraph and will be free to recommend to the Court that the Defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

If the Defendant (a) fulfills his obligations under this plea agreement by entering a timely plea of guilty, (b) qualifies for a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (c) is determined to have an offense level of sixteen or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the applicable offense level by one additional level pursuant to U.S.S.G. § 3E1.1(b). The Defendant acknowledges that he understands that the decision to file such a motion is within the sole discretion of the United States and is not reviewable by the Court.

7. The Defendant acknowledges that his attorney has fully explained the nature of the charges, the potential penalties, and any defenses that he might have.

8. The Defendant acknowledges that he understands he has a right to persist in a plea of not guilty and the right to a jury trial at which he would have the right to assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. The Defendant further acknowledges that he understands that, if his guilty plea is accepted by the Court, there will be no jury trial and by pleading guilty he waives his right to a jury trial. The Defendant further acknowledges

3

that he understands that the Court may question him under oath, on the record, and in the presence of counsel about offenses to which he will be pleading guilty and his answers could later be used against him in a prosecution for perjury or false statement. The Defendant further acknowledges that he is entering his plea of guilty voluntarily and not as a result of force or threats nor as a result of any promises by any agent of the government apart from this plea agreement.

9.     If either the United States or the Defendant violates the terms of this agreement, the other party will have the right to void the agreement. While this case is pending, the Defendant agrees to abide by the orders of the Court, including any order setting conditions of release. In the event the Defendant fails to comply with any such order of the Court or violates any federal, state or local law, the United States is free to withdraw from this plea agreement or to be relieved of its obligations, if any, under this agreement.

10.     The facts supporting the Defendant's plea of guilty are as follows: the Defendant performed security and counter surveillance for the North Georgia White Knights of the Ku Klux Klan at a Klan rally in Dunlap, Tennessee on October 16, 2004. While performing this function, the Defendant approached an individual who was confidentially providing information to Alcohol, Tobacco and Firearms (ATF). The Defendant and the informant had numerous subsequent conversations in which the Defendant indicated he knew how to construct pipe bombs and was willing to do so to further the racist objectives held by the Defendant. The Defendant taught the informant how to construct pipe bombs and how to attach the pipe bombs to vehicles so that the pipe bombs would detonate. The Defendant described particular ways to make the

4

detonations more lethal. The Defendant described how to place the pipe bombs on the vehicle in such a way to cause the most destruction.

Specifically, on two separate occasions, the Defendant constructed pipe bombs and transferred those pipe bombs to the informant. On the first occasion, in March 2005, the Defendant transferred two (2) pipe bombs to the informant to be used to harm Haitians in Florida. These pipe bombs were fully constructed, and were determined to be destructive devices by the ATF lab. Neither of the two pipe bombs were registered in the National Firearms Registration and Transfer Record. On April 1, 2005, in the Eastern District of Tennessee, the Defendant made, transferred and possessed five (5) pipe bombs partially constructed. On or about this same date, the Defendant accompanied the informant to Lowe's hardware store where the Defendant showed the informant the kinds of materials needed. The Defendant and the informant purchased the necessary materials and the Defendant then constructed and demonstrated how to assemble the pipe bombs. Although these pipe bombs were partially constructed, the Defendant provided all of the necessary material to make the pipe bombs fully operable. These pipe bombs were also determined to be destructive devices and were not registered in the National Firearms Registration and Transfer Record. The Defendant believed that the five (5) pipe bombs transferred on April 1, 2005 were to be detonated on a bus carrying Mexican workers to work in Florida. This act would have constituted federal crimes of violence, to wit: 18 U.S.C. § 245 (interfere with civil rights) and 18 U.S.C. § 844(d) (interstate transportation of explosives with intent to kill or injure.) The pipe bombs consisted of a lead pipe, black powder, screws and nails for shrapnel, and an automotive spark plug and wire for ignition.

5

On April 1, 2005, the Defendant also possessed a Ruger pistol, which is a firearm. This firearm was manufactured outside the state of Tennessee and, therefore, affected interstate commerce. At the same time that he possessed the Ruger firearm, the Defendant was subject to a domestic violence protective order that restrained him from threatening his wife.

11.     The United States agrees that this plea agreement constitutes a full disposition of the known non-tax federal charges within the Eastern District of Tennessee.

12.     This six (6) page plea agreement constitutes the full and complete agreement and understanding between the parties concerning the Defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the Defendant and the United States.

HARRY S. MATTICE, JR.
United States Attorney

_7/25/05_     By: _____
Date

JAMES T. BROOKS
Assistant United States Attorney

_8/4/05_
Date

DANIEL JAMES SCHERTZ
Defendant

_8/4/05_
Date

LEONARD M. CAPUTO
Attorney for Defendant

6